The Chesapeake and Ohio Canal Company had recovered judgment against the intestate in his lifetime, upon motion and ten days' notice, for $2,500, for instalments upon 50 shares of the stock in that company, under the 5th section of the charter. After his death, the orphans' court for Washington county, on the 2d of August, 1839, ordered, "That [Lewis Johnson] the administrator of William Otis make a dividend among the judgment creditors of said Otis, of thirty-six and an half per cent., on their respective claims." And on the 21st of November, 1839, "at a special court held this day, at the request of Lewis Johnson, the administrator of William Otis, the court passed the following order: Ordered, that the administrator of William Otis pay to the Chesapeake and Ohio Canal Company, the amount of their dividend of said estate, provided he receive from them a certificate of the stock of said company, equal to the whole amount paid in." From this order the canal company appealed to this court.

Brent & Brent, for the appellants, contended that the effect of this order would be to compel them to issue full certificates of stock to the amount of the dividend, at $100 a share, which they were not bound to do. They had a right to apply the payment equally to all the shares subscribed for, or owned by the intestate.

Mr. Morfit, contra. There was not judgment at law. The court had no jurisdiction to render judgment on motion. The judgment was by default for breach of contract. There should have been a writ of inquiry of damages. The defendant had a right to apply the payment to particular shares, and thus obtain certificates in full.

THE COURT reversed the order of the orphans' court, with costs.

[1] [Reported by Hon. William Cranch, Chief Judge.]

